FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -5 AM 8: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN LEWIS                                CIVIL ACTION

VERSUS                                     NUMBER: 05-0652

DUANE HARDY, ET AL.                        SECTION: "F"(5)


### REPORT AND RECOMMENDATION

The above-captioned matter is before the Court pursuant to an order of reference from the District Judge. (Rec. doc. 20). For the reasons that follow, it is recommended that plaintiff's lawsuit be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On March 3, 2005, pro se plaintiff, Brian Lewis, filed this ostensible Title VII sex discrimination complaint in forma pauperis against defendant, Duane Hardy. (Rec. doc. 1). Plaintiff subsequently amended his complaint to add Candace Dobbins, Sandra Hardy, Thadrion Johnson, and Beverly Moore as additional defendants. (Rec. doc. 4). At that time, summonses were issued

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

and were forwarded to plaintiff for the purpose of serving the named defendants in the manner prescribed by Rule 4, Fed.R.Civ.P., which was apparently accomplished in March of 2005. (Rec. docs. 6-9, 12).

In accordance with Local Rule 16.2E, after well over four months had passed and a review of the record revealed that issue had not been joined as to any of the named defendants, plaintiff was ordered to show cause, on August 10, 2005 at 11:00 a.m., as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 35). Plaintiff appeared before the Court on the designated date and time and was specifically instructed to take a default against the named defendants. (Rec. doc. 36). However, rather than following those instructions, plaintiff filed a motion for a default judgment against Southern Discount Pharmacy, an entity that has not been named as a defendant herein. (Rec. doc. 38). On August 22, 2005, the Court denied plaintiff's motion for default judgment, giving him until September 16, 2005 within which to move for the entry of default as to those named defendants who were properly served. (Rec. doc. 37). Although that deadline has come and passed, entry of default has not been sought by plaintiff.[1]/

Rule 41(b) of the Federal Rules of Civil Procedure provides

---

[1]/ Allowance is made for the time between September 1 and September 24, 2005 during which all Court deadlines were suspended as a result of Hurricane Katrina and its aftermath.

that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's order. Markwell v County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). As plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

Plaintiff in the present case has failed to comply with the Court's August 10, 2005 minute entry as well as the Court's order of August 22, 2005. The Court must therefore assume that plaintiff has no further interest in prosecuting this matter. As plaintiff is proceeding pro se, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this 22 day of Dec , 2005.

_____
UNITED STATES MAGISTRATE JUDGE

4